UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO RODRIGUEZ CUEVAS,

Petitioner,

v.

WARDEN, NORTHWEST ICE PROCESSING CENTER,

Respondent.

Case No. 2:26-cv-04255-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. ORDER

Petitioner Antonio Rodriguez Cuevas is a Mexican citizen who entered the United States in 2009 and currently lives with his family in Renton, Washington. Dkt. 1 ¶¶ 12, 15. He has no criminal history in the United States. *Id.* ¶ 14. In October 2026, he was arrested during a traffic stop and transported to the Northwest ICE Processing Center ("NWIPC"), where he remains detained. *Id.* ¶ 13. Petitioner alleges that he told immigration officials he was afraid to return to Mexico, but "[d]espite these unresolved protection claims and without adequate administrative proceedings, facility personnel abruptly informed Petitioner that he would be transferred outside this jurisdiction immediately for summary deportation." *Id.* ¶ 17.

On November 3, Petitioner filed a petition for writ of habeas corpus, seeking immediate release from custody or, in the alternative, a bond hearing before an Immigration Judge ("IJ"). Dkt. 1. That same day, the Court issued its standard scheduling order directing Respondent to show cause why the writ should not be granted. Dkt. 3; *see also* 28 U.S.C. § 2243 (requiring the custodian to "show cause why the writ should not be granted" and certify the "true cause" of the detention). On November 17, counsel for the United States entered an appearance solely to file a notice that ICE intended to remove Petitioner from the country within seven days. Dkts. 4, 5. The Court has not received any response to the habeas petition.

On November 23, Petitioner notified the Court that three days earlier, he had petitioned the Ninth Circuit for review of an order entered by an IJ on October 27, 2026. Dkt. 6 at 5; Dkt. 6-1 at 4–5. Petitioner has also asked the Ninth Circuit to stay his removal while his petition for review is pending. Dkt. 6-1 at 6–10. Based on those developments, Petitioner asks this Court to grant him immediate release or a bond hearing. Dkt. 6 at 4. A copy of the IJ's order is not included in the record before the Court, but Petitioner's filings before the Ninth Circuit, which he attached to the motion for immediate release, suggest that the order was an affirmance of USCIS's determination that he lacked a reasonable fear of return to Mexico. *See* Dkt. 6-1 at 4–8.

Petitioner's entitlement to a bond hearing depends on the statutory authority governing his detention. Noncitizens who entered the United States without inspection, were not apprehended on arrival, and are not subject to a final order of removal are detained under 8 U.S.C. § 1226(a), which permits consideration of release on bond. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Noncitizens with final orders of removal are detained under 8 U.S.C. § 1231, which mandates detention during a statutorily defined removal period. *See* 8 U.S.C. § 1231(a)(1), (2). Here, the "finality" of Petitioner's removal order, for the purposes of detention, depends on the substance

of the October 27 order currently pending Ninth Circuit review. If the IJ's October 27 order was a removal order, Petitioner would be subject to detention under § 1226(a) so long as that removal is stayed by the Ninth Circuit. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). But if the order on review solely concerned a negative fear determination—for instance, after a reinstated final order of removal—he would remain subject to mandatory detention under § 1231 even while the Ninth Circuit considered his petition. *See Riley v. Bondi*, 606 U.S. 259, 269 (2025).

The American judicial system is fundamentally adversarial. It depends on the "facts and arguments" presented by the parties; the judge does not "conduct the factual and legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Here, the documents filed by Petitioner seem to suggest that an IJ denied withholding of removal based on a removal order that was already final. But without any facts or argument in opposition to the petition, the Court is unable to determine with certainty whether Petitioner is subject to a final order of removal. As best the Court can tell from the record before it, Petitioner's request for release or a bond hearing fails because he is subject to mandatory detention under § 1231. The Court thus DENIES the habeas petition at this time but grants Petitioner leave to amend the petition to provide further facts in support of his claim for relief.

## II. CONCLUSION

Because the factual record before the Court is unclear, the Petition for writ of habeas corpus (Dkt. 1) is DENIED without prejudice, and the motion for immediate release (Dkt. 6) is DENIED as moot. Petitioner may file an amended habeas petition no later than December 23, 2026 with additional facts to support his claim for relief.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of November, 2026.

Tiffany M. Cartwright
United States District Judge